# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                                )<br>     Plaintiff,                                        )<br>                                                                )<br>          v.                                               )<br>                                                                )<br>HARLEY-DAVIDSON, INC.,                )<br>HARLEY-DAVIDSON MOTOR COMPANY )<br>GROUP, LLC,                                     )<br>HARLEY-DAVIDSON MOTOR COMPANY, )<br>INC., and                                            )<br>HARLEY-DAVIDSON MOTOR COMPANY )<br>OPERATIONS, INC.,                            )<br>                                                                )<br>     Defendants.                                  )<br>_____)  | Case No. 1:16-CV-1687 (EGS) |

**EXHIBIT A**
**PROHIBITION ON SETTLEMENT PAYMENTS TO THIRD PARTIES (JUNE 5, 2017)**



**Office of the Attorney General**
Washington, D. C. 20530
June 5, 2017

MEMORANDUM FOR ALL COMPONENT HEADS AND UNITED STATES ATTORNEYS

FROM: THE ATTORNEY GENERAL

SUBJECT: Prohibition on Settlement Payments to Third Parties

    Our Department is privileged to represent the United States and its citizens in courts across our country. We take this responsibility seriously. In the course of this representation, there may come a time when it is in the best interests of the United States to settle a lawsuit or end a criminal prosecution. Settlements, including civil settlement agreements, deferred prosecution agreements, non-prosecution agreements, and plea agreements, are a useful tool for Department attorneys to achieve the ends of justice at a reasonable cost to the taxpayer. The goals of any settlement are, first and foremost, to compensate victims, redress harm, or punish and deter unlawful conduct.

    It has come to my attention that certain previous settlement agreements involving the Department included payments to various non-governmental, third-party organizations as a condition of settlement with the United States. These third-party organizations were neither victims nor parties to the lawsuits.

    The Department will no longer engage in this practice. Effective immediately, Department attorneys may not enter into any agreement on behalf of the United States in settlement of federal claims or charges, including agreements settling civil litigation, accepting plea agreements, or deferring or declining prosecution in a criminal matter, that directs or provides for a payment or loan to any non-governmental person or entity that is not a party to the dispute.

    There are only three limited exceptions to this policy. First, the policy does not apply to an otherwise lawful payment or loan that provides restitution to a victim or that otherwise directly remedies the harm that is sought to be redressed, including, for example, harm to the environment or from official corruption. Second, the policy does not apply to payments for legal or other professional services rendered in connection with the case. Third, the policy does not apply to payments expressly authorized by statute, including restitution and forfeiture.

    This policy applies to all civil and criminal cases litigated under the direction of the Attorney General and includes civil settlement agreements, *cy pres* agreements or provisions, plea agreements, non-prosecution agreements, and deferred prosecution agreements. Existing resources, including the U.S. Attorneys' Manual, should be revised to conform to this policy. This memorandum is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.

    Thank you for your continued hard work on behalf of our country.